DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COMMUNITY MEMBERS FOR RELIGIOUS NEUTRALITY IN PUBLIC SCHOOLS – SAN FRANCISCO BAY AREA (CMRN-SFBA); JAFI LIPSON; JOSH LEHRER; SASHA AVA LEHRER; PAWAN DESHPANDE; DINSHA MISTREE; AND LINOR LEVAV,<br><br>Plaintiffs,<br><br>vs.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT; BRENT KLINE; AND DOES 1-10,<br><br>Defendants. | Case No.: 5:26-cv-08249<br><br>**AMENDED COMPLAINT** |

Plaintiffs allege as follows:

**INTRODUCTION**

1. This civil-rights action challenges a public-school district's sponsorship and facilitation of religious activity and elevation of Islam vis-à-vis other faiths during a school-sponsored field trip connected to Palo Alto High School's Social Justice Pathway ("SJP").

2. During the Fall 2025 school-sponsored visit to a mosque, students allegedly were encouraged to wear Islamic religious attire, were given Qurans, observed prayer, engaged with participants in a Quran-memorization program, and were exposed to messaging that portrayed Islam as uniquely aligned with social justice work.
3. Further, students were photographed in religious attire inside the mosque and that identifiable images of students were later publicly disseminated by the host institution without specific, informed parental consent for photography and public use in a religious context.
4. Plaintiffs also allege that students were exposed during the same field trip to speaker Zahra Billoo, who is a controversial outside speaker with publicly documented hostile statements concerning Jews, without adequate district vetting, safeguards, or balancing presentation.
5. Plaintiffs further allege that this event has happened in the past and on information and belief will happen again in the future.
6. Plaintiffs seek declaratory and prospective injunctive relief under 42 U.S.C. § 1983 and California law to remedy ongoing and imminent violations of federal and state constitutional, statutory, and common-law rights arising from Defendants' policies, practices, customs, and acts in organizing, supervising, and permitting these school-sponsored activities.

**JURISDICTION AND VENUE**

7. This action arises under the Constitution and laws of the United States, including the First Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983.

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions and seeks redress for the deprivation of constitutional rights under color of state law.

9. This Court has supplemental jurisdiction over Plaintiffs' California-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the federal claims alleged herein.

10. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Santa Clara County, California, and at least one Defendant resides in this District.

**PARTIES**

12. Plaintiff Community Members for Religious Neutrality in Public Schools – San Francisco Bay Area ("CMRNPS-SFBA") is an organization of San Francisco Bay Area community members concerned with preserving religious neutrality in public education – here, the education of public-high-school students in the Palo Alto Unified School District. Members of CMRNSF-SFBA include the individual plaintiffs identified below, as well as local grassroots groups, parents, community members, and persons directly affected by the challenged District conduct, including conduct involving school-sponsored activities for minor students in the District.

13. Plaintiff Jafi Lipson is a Jewish parent at Palo Alto High School ("Paly").

14. Plaintiff Josh Lehrer is a Jewish parent at Paly.

15. Plaintiff Sasha Ava Lehrer is a Jewish former student at Paly.

16. Plaintiff Pawan Deshpande is Hindu. He is a parent of two private school children in Los Altos, a community bordering Palo Alto the south in Santa Clara County.

17. Plaintiff Dinsha Mistree is Zoroastrian who is a member of the Parsi community. He is a parent of children who live in Sunnyvale, bordering Los Altos to the east.

18. Plaintiff Linor Levav is a Jewish community member who lives in Stanford, Santa Clara County.

19. There are certain members of CMRNPS-SFBA who are prepared to participate in this case as anonymized plaintiffs: in the original complaint they were identified as AB, BC, CD and DE. They have been removed from the amended complaint pending application for and granting of a court order allowing them to proceed anonymously.

20. Defendant Palo Alto Unified School District ("PAUSD" or "District") is, and at all relevant times was, a local educational agency and public-school district organized under California law and acting under color of state law. Palo Alto High School ("Paly") is, and at all relevant times was, a public high school operated by PAUSD and a component of the District through which the challenged Social Justice Pathway activities were organized and carried out. This action against the State is not considered an action for "money or damages" requiring a claim presentation under the scope of Cal. Gov. Code § 945.4.

21. Defendant Brent Kline is the principal of Palo Alto High School. He is sued in his official capacity.

22. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10 and therefore sues these Defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

23. Plaintiffs are informed and believes, and on that basis allege, that each DOE Defendant acted under color of state law and that each DOE Defendant was the agent, employee, alter ego, co-conspirator, aider and abettor, joint participant, and/or representative of each of the other Defendants, and in doing the things alleged herein acted within the course and scope of that relationship.

**FACTUAL ALLEGATIONS**

24. Plaintiffs incorporate all prior allegations.

25. Palo Alto High School offers a “Social Justice Pathway” course track for the Sophomore-Senior years of high school.

26. Palo Alto High School’s Social Justice Pathway has periodically and repeatedly organized field trips to a mosque at the Muslim Community Association – Bay Area, the only house of worship included in the program.

27. Plaintiffs are informed and believe that such visits took place not only in Fall 2025 but also on prior occasions, including a similar visit reflected in social-media posts from October 19, 2022. A three-year cycle, Plaintiffs allege, is sufficient to expose each 3-year cohort of the Social Justice Pathway to the Muslim Community Association.

28. The Muslim Community Association – Bay Area’s website has promoted not just the visits but also the religious conversions of local individuals.

29. Under California Education Code section 35330, school-sponsored field trips are an extension of the school day, and the school retains responsibility for supervision, safety, and the content presented to students during such activities.

30. During the Fall 2025 mosque visit, students who were minors allegedly were provided with Muslim religious attire and encouraged to wear it while on site.

31. During that visit, students allegedly were provided with Qurans and taught that Islam, in particular, promotes social justice.

32. The field-trip activities allegedly included observation of a Dhuhr prayer, discussion of the meaning of worship, and engagement with participants in the Noor Hifz Academy, the host institution's religious youth program in which Islamic students memorize the Quran.

33. Female students were provided hijabs to wear and that all students were gifted Qurans to take home for personal use.

34. Students were photographed during the visit by the Islamic institution hosting the event in a manner that promoted participation in Islamic customs.

35. Identifiable student images taken inside the mosque while students wore religious attire later were publicly posted for promotional and/or community-facing purposes.

36. Plaintiffs allege that parents were not provided meaningful, fully informed consent authorizing their children's participation in religiously inflected activity, photography inside a religious institution, or the public dissemination of their children's images in that context, nor were they given a meaningful opt-out.

37. Plaintiffs allege that no meaningful, fully informed consent authorizing participation would excuse the school from promoting Islam over and above other faiths.

38. During the same school-sponsored field trip, students allegedly were exposed to Zahra Billoo, who is a controversial speaker known for publicly documented hostile and discriminatory statements regarding Jews and sharply ideological political views.

39. Plaintiffs allege that Ms. Billoo was allowed unfettered access to students to advocate personal religious and political views without balancing perspective or adequate supervision.

40. Plaintiffs allege that the District failed to maintain religious neutrality, failed to ensure equal treatment among faiths, failed to protect student privacy, and failed to vet, supervise, and monitor religiously divisive outside speakers during the school-sponsored event.

41. Plaintiffs further allege that the District's actions and omissions are ongoing or capable of repetition because the challenged field trips were not isolated and reflect recurring programmatic practices within the Social Justice Pathway.

42. California Education Code sections 200 through 220 and section 51500 impose obligations on local educational agencies to avoid discrimination, coercion, bias, and unequal educational access on the basis of religion in school programs and activities.

43. Plaintiffs allege that District's conduct also intruded upon students' and parents' privacy interests by placing minor students in a religious setting, associating them publicly with a faith tradition, and permitting disclosure of images suggesting religious affiliation without specific informed consent.

44. Plaintiffs allege that District had a non-delegable duty to supervise students and school-sponsored activities and to prevent foreseeable harms arising from religious indoctrination, religious favoritism, the use of unvetted outside speakers, and photography.

45. Plaintiffs allege that they have been and continue to be injured by District's challenged policies, customs, and practices. They, and each of them, belong to religious traditions that practice social justice; the government's endorsement of Islam in particular as a social justice faith denigrates their respective traditions and their identities as members of faith communities due equal treatment and appreciation within the District, State and country. They, and each of them, reside in and practice their faith (and their faith's respective forms

of social justice) within the San Francisco Bay Area, the geographical reach of and promoted by the Muslim Community Association – Bay Area.

46. The District conduct herein was caused by implementation or execution of official PAUSD policy, decision, longstanding practice, custom, ratification or same, deliberate indifference regarding same, failure to train, and/or failure to supervise concerning religious neutrality, field-trip oversight, student photography and privacy, and/or vetting of outside speakers for school-sponsored events.

47. PAUSD policymakers knew or should have known of the recurring nature of the challenged field trips, the foreseeable risk that students would be exposed to religious activity and ideological messaging during those events, and the risk that student images would be captured and publicly disseminated in a religious context.

48. Despite such knowledge, PAUSD failed to adopt and enforce adequate safeguards, thereby causing the constitutional injuries alleged in this Complaint.

49. PAUSD's conduct threatens to continue causing irreparable harm by exposing students and families to unconstitutional and unlawful religious endorsement, coercive school-sponsored religious activity, unequal treatment based on religion, invasion of privacy, and unconstitutional association of students with religious expression. In fact, based upon the three-year cycle described above no later than Fall, 2028.

50. Legal remedies alone are inadequate as to the prospective harms alleged because the challenged practices affect constitutional rights, parental rights, student privacy interests, and educational access in ways that are ongoing and not fully compensable by money damages.

**CLAIMS FOR RELIEF**

**<u>First Claim for Relief</u>**

**42 U.S.C. § 1983 – First Amendment Establishment Clause**
**v. Defendant Kline**

51. Plaintiffs incorporate all prior allegations.

52. Defendants, acting under color of state law, organized, sponsored, facilitated, endorsed, and/or permitted school-sponsored activities that had the purpose and effect of endorsing and preferring one religion, specifically Islam, through a public-school program.

53. These acts included, among other things, transporting students to a mosque as part of a school program, exposing them to prayer and worship-oriented instruction, providing or permitting the provision of religious attire and sacred texts, and presenting Islam as the faith uniquely consonant with social justice education.

54. In the school context, where attendance and participation carry coercive pressures for minors, Defendants' conduct conveyed governmental endorsement of religion and impermissibly coerced students to participate in or appear to participate in religious exercise.

55. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered and will continue to suffer constitutional injury unless Defendant's conduct is enjoined.

<u>**Second Claim for Relief**</u>
**42 U.S.C. § 1983 – First Amendment Free Speech / Compelled Expression**
**v. Defendant Kline**

56. Plaintiffs incorporate all prior allegations.

57. By allegedly encouraging or requiring students to don religious attire, participate in a religious setting, and appear in photographs that publicly associated them with a particular faith, Defendants compelled expressive conduct and religious association that students and their parents may not have wished to adopt or convey.

58. Defendants further permitted or enabled dissemination of students' images in a manner that portrayed them as aligned with or supportive of a particular religion, thereby burdening the right to refrain from speaking or expressing religious affiliation.

59. Defendants' conduct lacked any justification, much less one sufficiently neutral, narrowly tailored, and Constitutionally permissible.

**Third Claim for Relief**
**42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection**
**v. Defendant Kline**

60. Plaintiffs incorporate all prior allegations.

61. Defendants treated religions and religious adherents unequally by selectively elevating one faith as uniquely aligned with the District's academic or social mission while not providing comparable inclusion of other faith traditions in the program.

62. The challenged programmatic choices and practices conveyed preference for one religion and disfavored or stigmatized others, including students and families who do not share the promoted religious perspective.

63. Defendants lacked any justification, much less one sufficiently neutral, narrowly tailored, and Constitutionally permissible, for this disparate treatment, and its conduct was intentional, policy-driven, deliberately indifferent, and/or undertaken pursuant to official custom or practice.

**Fourth Claim for Relief**
**42 U.S.C. § 1983 – Fourteenth Amendment Due Process / Parental Rights and Informational Privacy**
**v. Defendant Kline**

64. Plaintiffs incorporate all prior allegations.

65. Parents possess constitutionally protected interests in directing the upbringing of their children, including matters involving religious exposure and participation, and students

possess protected privacy interests in avoiding nonconsensual disclosure or attribution of religious affiliation.

66. Defendant infringed those interests by subjecting minor students to religiously inflected programming during a school-sponsored event and by permitting photography and public dissemination of student images in a religious context without specific, informed parental consent.

67. The infringements described above were undertaken under color of state law and pursuant to District action, authorization, deliberate indifference, and/or failure to supervise.

**<u>Fifth Claim for Relief</u>**
**Violation of California Constitution, Article I, Sections 1, 2(a), 4, and 7**
**v. Defendant PAUSD**

68. Plaintiffs incorporate all prior allegations.

69. Article I, section 1 of the California Constitution protects privacy as an inalienable right, and article I, section 4 prohibits discrimination or preference in the free exercise and enjoyment of religion.

70. Article I, section 2(a) of the California Constitution protects freedom of speech.

71. Article I, section 7 guarantees equal protection of the laws under California law.

72. By sponsoring and facilitating school-sponsored religious activity, preferring one religion in an academic program, and permitting students to be publicly associated with a religion without specific informed consent, PAUSD violated Plaintiffs' rights secured by article I, sections 1, 4, and 7 of the California Constitution.

**<u>Sixth Claim for Relief</u>**
**Violation of California Education Code Sections 200–220, 35330, and 51500**
**v. Defendant PAUSD**

73. Plaintiffs who either are or have been students or parents of students attending Paly incorporate all prior allegations.

74. California Education Code sections 200 through 220 prohibit discrimination, harassment, intimidation, and unequal educational access on the basis of protected characteristics, including religion, in educational programs and activities.

75. California Education Code section 35330 makes field trips an extension of the school day and preserves school responsibility for supervision and safety, while section 51500 bars instruction or school-sponsored activity that improperly advances partisan, sectarian, or biased advocacy in the public schools.

76. PAUSD violated these provisions by organizing and permitting a school-sponsored field trip that allegedly promoted one religion, pressured students to participate in religiously inflected activities, exposed students to foreseeable discriminatory and ideological messaging, and failed to protect students from unequal treatment based on religion.

**<u>Seventh Claim for Relief</u>**
**California Constitutional and Common Law Privacy Rights**
**v. Defendant PAUSD**

77. Plaintiffs who either are or have been students or parents of students attending Paly incorporate all prior allegations.

78. Students and parents possess legally protected privacy interests in avoiding compelled disclosure, public association, or implied attribution of religious belief or affiliation.

79. PAUSD intruded upon and threatened those privacy interests by facilitating photography and public dissemination of student images in a religious context without specific, informed parental authorization and by placing students in circumstances that publicly associated them with a particular faith.

**<u>Eighth Claim for Relief</u>**
**Negligence / Negligent Supervision**
**v. Defendant PAUSD**

80. Plaintiffs who either are or have been students or parents of students attending Paly incorporate all prior allegations.

81. PAUSD owed these Plaintiffs duties of reasonable care in connection with school-sponsored field trips, including duties of supervision, vetting, monitoring, and prevention of foreseeable harm.

82. PAUSD breached those duties by failing adequately to supervise the field trip, failing to prevent or limit religious indoctrination and unauthorized photography, and failing to vet or control outside speakers in a setting involving minor students.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against PAUSD as follows:

A. For a declaration that Kline's challenged acts, policies, customs, and practices violate the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983;

B. For a declaration that PAUSD's challenged acts, policies, customs, and practices violate Article I, Sections 1, 2(a), 4, and 7 of the California Constitution;

C. For a declaration that PAUSD's challenged acts, policies, customs, and practices violate California Education Code Sections 200–220, 35330, and 51500;

D. For a declaration that PAUSD's challenged acts, policies, customs, and practices violate California Constitutional and common law right to privacy;

E. For a declaration that PAUSD's challenged acts, policies, customs, and practices violate California common law of negligence;

F. For preliminary and permanent injunctive relief prohibiting Kline (and successors) or PAUSD, respectively, from organizing, sponsoring, or permitting school-sponsored activities that endorse religion, coerce student religious participation, or publicly associate students with religion without specific, informed parental consent;

G. For preliminary and permanent injunctive relief requiring Kline (and successors) or PAUSD, respectively to implement constitutionally adequate policies, training, supervision, and safeguards governing field trips, student photography, parental consent, and outside-speaker vetting;

H. For an order requiring Kline (and successors) or PAUSD, respectively, to remove, to the extent within their power or control, of publicly disseminated student images arising from the challenged field trip that were posted without specific, informed authorization in a religious context;

I. For nominal damage;

J. For reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and under Cal. Civ. Proc. Code § 1021.5 from PAUSD due to the conduct of Kline (and from Kline directly if legally necessary); and

K. For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 10, 2026

Respectfully submitted,

David Rosenberg-Wohl

David M. Rosenberg-Wohl

HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION